IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA

TIMOTHY JOLLOFF,

    Plaintiff,

vs.                                                        Case No.

REGIONAL ENTERPRISES, LLC, a/k/a
REGIONAL ENTERPRISES OF MS, LLC,
d/b/a REGIONAL HOMES OF FT. MYERS,

    Defendant.

_____/

## COMPLAINT

Plaintiff, TIMOTHY JOLLOFF, sues Defendant, REGIONAL ENTERPRISES, LLC, a/k/a. REGIONAL ENTERPRISES OF MS, LLC d/b/a REGIONAL HOMES OF FT. MYERS and alleges:

### GENERAL ALLEGATIONS

1. This is an action for breach of contract and, alternatively, unjust enrichment. Plaintiff alleges that Defendant, a dealer and retailer of modular and mobile homes in Southwest Florida, breached his written Commission Agreement by failing and refusing to pay commissions earned during his employment as General Manager.

2. The damages sought in this action are greater than $50,000.00, exclusive of costs, interest, and attorney's fees.

3. At all times material, Plaintiff Timothy Jolloff ("Jolloff" or "Plaintiff"), resided in Lee County, Florida.

4. Defendant Regional Enterprises, LLC is a Mississippi corporation registered to do business in Florida. According to the Florida Division of Corporations, the company is alternatively known as Regional Enterprises of MS, LLC, and identifies its

principal place of business as 409 Saint John's Road, Bonifay, FL 32425. In Southwest Florida, Regional Enterprises, LLC also does business as Regional Homes of Ft. Myers, and operates a dealership and retail location at 17595 S. Tamiami Trail, Ste. 265D, Fort Myers, FL 33908. (Collectively referred to as "Regional" or "Defendant").

5. At all times material, Defendant engaged in substantial business in Lee County, Florida by operating a dealership and retail location where it solicits and sells modular and mobile homes to customers located in Southwest Florida including Lee, Charlotte, and surrounding counties in the 20th Judicial Circuit.

6. The cause of action accrued in Lee County, Florida. Plaintiff's contract was entered into and performed in Lee County. Defendant breached the contract in Lee County by terminating Plaintiff to preclude his performance, failing and refusing to pay commissions due, and repudiating its contractual obligations.

7. All conditions precedent to bringing this action have been performed or have occurred.

## STATEMENT OF FACTS

8. Regional is a privately owned retailer of manufactured, modular, and mobile housing in the Southeastern United States. As part of its model, Regional locates a geographic area with a target market, then opens a dealership and begins a marketing campaign to solicit, sell, and finance its manufactured, modular, and mobile homes.

9. Regional holds itself out as the largest privately owned mobile and manufactured housing dealership in the Southeastern United States.

10. Following Hurricane Ian, Regional decided to open a dealership in Fort Myers, Florida to market and sell modular and manufactured homes to customers in Southwest Florida whose homes were damaged or destroyed by the hurricane.

11. Regional sought out and solicited Jolloff, who resided in Southwest Florida and was working in the industry, to be its General Manager, due to his extensive experience in the operations and retail sales of manufactured, modular, and mobile homes.

12. On November 4, 2022, Regional and Jolloff entered a written contract, entitled Commission Agreement ("Agreement"), to employ Jolloff as its General Manager. (**Commission Agreement, Exhibit 1**).

13. As compensation, Regional agreed to pay Jolloff a commission according to the following "Commission Payment Schedule" attached as Exhibit A to the Commission Agreement:

    1. For the first 90 days, Commission shall equal the greater of:
       a. $30,000 per month, OR
       b. The Net Profit commission outlined in #2 below
    2. After the first 90 days, the Net Profit Commission shall equal at the sole discretion of Company either:
       a. 17.5% of the Net Commissionable Profit, as the company presents for all other general managers of the Company, of the Fort Myers, FL location + 17.5% of the Net Commissionable Profit of the Punta Gorda, FL location, OR
       b. 35% of the Net Commissionable Profit, as the company presents for all other general managers of the Company, of the Fort Myers, FL location

14. Following acceptance, Jolloff performed as General Manager, which resulted in a substantial number of customer sales of modular or mobile homes from Regional.

15. From November 4, 2022, through January 7, 2023, while Jolloff was General Manager, the dealership sold 52 mobile homes by procuring sales orders for the following customers:

    1. Charles Dunbar
    2. Dave Sutton
    3. Randy Rogers
    4. Candy Anderson
    5. Mary Ann Iacona
    6. Eva Mascoli
    7. Dave Prince
    8. Bill Preston
    9. Carol Syfert
    10. Mike Pehl
    11. Gary Carter
    12. Vicki Koledcki
    13. Jackie Forbes
    14. Cynthia Hynote
    15. Dave Brown
    16. Diane Ryan
    17. Rob Henne
    18. Shirley Evans
    19. Robin Trevison
    20. Bill Michaels
    21. Joanne
    22. Butch Champers
    23. Newton
    24. Dave Yurgelitis
    25. Martha Shaw
    26. Dale Martin
    27. Kevin Brown
    28. Carol Varney
    29. Jay Kline
    30. Patti And Parents
    31. Tom Mazza
    32. Marlene Phoeski
    33. Mary Ellen Capoccino
    34. Michele Haskins
    35. Sheryl Larkins
    36. Rod Griffis
    37. Peggy Proto
    38. Paul Wock
    39. Diane Barber
    40. Carl Denzler
    41. Cory Shilling
    42. Glen Mcleod
    43. Greg Lazarev
    44. Harlan Woolan
    45. Linda Beesley
    46. Rhonda Puzey
    47. Richard Wescom
    48. Van Dyke
    49. Carol Ferns
    50. Richard Colling
    51. Richard Lux
    52. Bruce Bashaw

16. Upon information and belief and subject to discovery, Regional's gross sales attributable to the dealership totaled approximately $10,400,000. The estimated gross profit from each sale is $45,000 per home, or $2,247,000 total.

17. Per the terms of the Commission Agreement, Regional owed Plaintiff commission compensation of approximately $590,000.

18. On January 7, 2023, Regional verbally terminated Jolloff.

19. Section 10 of the Commission Agreement, entitled Term/Termination, deals with commission payments due upon termination and provides:

    This Agreement may be terminated by either party by written notice. If either party shall so terminate this Agreement, Jolloff shall be entitled to Commission Payments up to the termination date of such termination less any loans/draws the Company has made to Jolloff, unless Jolloff is in violation of this Agreement. If Jolloff is in violation of this Agreement, Company may terminate employment without notice and with

compensation to Jolloff only to the date of such termination less any loans/draws made by Company to Jolloff . . . .

20. Regional does not allege that Jolloff violated the Agreement. Thus, under the Agreement, Jolloff is due to be paid Commission Payments up to the termination date, less any loans/draws.

21. On January 19, 2023, Regional terminated Plaintiff in writing but did not contend any breach of the Agreement by Plaintiff. Instead, Regional refused to pay commissions under the Agreement.

### COUNT I – BREACH OF CONTRACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth here.

23. As set forth above, Plaintiff and Defendant entered into a valid and enforceable written Agreement. (Exhibit 1).

24. Plaintiff performed under the terms of the Agreement or his performance was excused because Defendant precluded performance.

25. Upon termination, Defendant was obligated to pay commissions earned to the date of termination unless Plaintiff was terminated for violating the Agreement.

26. Defendant breached the agreement first by terminating Plaintiff verbally, then by repudiating its obligation to pay commissions based on its own self-serving interpretation that is not consistent with the terms of the Agreement or applicable law governing the construction of contracts.

27. As a result of Defendant's breach, Plaintiff suffered compensatory damages in the form of unpaid commissions due and owing to the date of termination under the Agreement.

**WHEREFORE**, Plaintiff demands judgment against Defendant for breach of contract and for unpaid commissions and attorney's fees and costs under Fla. Stat. § 448.08, or alternatively treble damages and attorney's fees and costs under MS Code § 75-87-7 (2020).

### COUNT II – UNJUST ENRICHMENT
### (IN THE ALTERNATIVE)

28. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

29. Plaintiff conferred a substantial benefit upon Defendant; specifically, the work performed by Plaintiff generated substantial revenues and profits in the sale of modular, manufactured, and mobile homes of Regional.

30. Defendant Regional would not have realized the significant sales and profits without the efforts of Plaintiff.

31. Defendant had complete knowledge of and appreciated the benefit conferred by the Plaintiff. Defendant knowingly accepted the benefit conferred by Plaintiff and the resulting substantial sales orders.

32. The circumstances are such that it would be unjust and inequitable for Defendant to retain the benefit conferred without paying any commission to the Plaintiff.

33. Defendant owes Plaintiff money due for the benefit of procuring sales orders for Defendant.

34. Defendant's retention of the benefit is inequitable unless it pays Plaintiff the value of the benefit conferred.

6

**WHEREFORE**, Plaintiff demands judgment against Defendant for unpaid commissions and attorney's fees and costs under Fla. Stat. § 448.08, or alternatively treble damages and attorney's fees and costs under MS Code § 75-87-7 (2020).

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: March 28, 2023

                Respectfully submitted,

                /s/ Jason L. Gunter
                Jason L. Gunter
                Fla. Bar No. 0134694
                Email: Jason@GunterFirm.com
                Conor P. Foley
                Fla. Bar No. 111977
                Email: Conor@GunterFirm.com
                Adam C.R. Heisner
                Fla. Bar No. 124727
                Email: Adam@GunterFirm.com

                **GUNTERFIRM**
                1514 Broadway, Suite 101
                Fort Myers, FL 33901
                Tel: 239.334.7017