# EXHIBIT 1

## COMMISSION AGREEMENT

This Commission Agreement (this "Agreement") is made effective as of November 4, 2022, by and between Tim Jolloff (hereinafter "Jolloff") and Regional Enterprises, LLC (hereinafter "Company"). The Company is engaged in the business of selling mobile homes at various sites operated by Company, hereinafter referred to as "Lot Locations" and various non-Lot Locations. Company desire to employ Jolloff and Jolloff is willing to be employed by Company.

Therefore, the parties agree as follows:

1. EMPLOYMENT. Company shall employ Jolloff as a commission based general manager under the supervision, advice, and direction of a regional manager, or other position as Company sees fit, which Company may appoint from time to time at its sole discretion hereinafter referred to as "Supervisor".
2. BEST EFFORTS OF EMPLOYEE. Jolloff agrees to perform faithfully, industriously, and to the best of Jolloff's ability, experience, and talents, all of the duties that may be required or assigned by the express and implicit term of this Agreement, Supervisor, or Company, to the reasonable satisfaction of Supervisor or Company.
3. OWNERSHIP OF SOCIAL MEDIA CONTACTS AND DIGITAL RECORDS. Any social media contacts, including "followers" or "friends," that are acquired through accounts (including, but not limited to email addresses, blogs, Twitter, Facebook, YouTube, or other social media networks) used or created on behalf of the Company are the property of the Company. All digital records including but not limited to emails, scans, etc. used or created on behalf of the Company are the property of the Company and may be monitored or audited by the Company at any time.
4. COMPENSATION OF EMPLOYEE. As compensation for the services provided by Jolloff under this Agreement, Company WILL NOT pay an annual salary.
5. COMMISSION PAYMENTS. In addition to the payments under the preceding paragraph, Company will make commission payments to Jolloff based on the following schedule which may be changed from time to time at Company's sole discretion:

See Exhibit A
exhibits are incorporated herein by reference
In accordance with US Code Title 25 Subtitle C Chapter 25 (SS) 3508, Jolloff acknowledges and represents that Jolloff will not be treated as an employee with respect to such services for Federal and state tax purposes.

_____
initial

6. COMMISSION ASSIGNMENT. Jolloff may assign his or her Commission Payments to a third party by written notice to Company. Jolloff may revoke said assignment from time to time by written notice to Company. Jolloff may make this assignment and revocation as often as he/she choses; however, not more than once every ninety days. Previous, current, and future assignees are hereinafter referred to as "Assignee". Company shall not employ or hire said Assignee. Company shall not be liable for any

Commission Payments to Assignee due to Company's delay in recognizing notices of assignment or revocation of assignment.

7. EXPENSE REIMBURSEMENT. Company WILL NOT reimburse Jolloff for "out-of-pocket" expenses incurred by Jolloff in connection with sales unless approved by Supervisor.

8. CONFIDENTIALITY. Jolloff recognizes that Company has and will have information regarding the mobile home industry (including but not limited to sales, financing, insurance, mobile home parks, rentals, etc.) and other vital information items (collectively, "Information") which are valuable special and unique assets of Company, Jolloff agrees that Jolloff will not at any time or in any manner, either directly or indirectly, divulge, disclose, or communicate any Information to any third party without the prior written consent of Company. Jolloff will protect the Information and treat it as strictly confidential. A violation by Jolloff of this paragraph shall be a material violation of this Agreement and will justify legal and or equitable relief which may include but not be limited to Jolloff's forfeiture of all outstanding Commission Payments. The preceding sentence shall not prohibit Company from pursing other remedies including a claim for losses and damages or an injunction to restrain Jolloff from disclosing, in whole or in part, such Information. This paragraph shall remain in full force and effect for not less than five years after the termination of Jolloff's employment.

9. EMPLOYEE'S INABILITY TO CONTRACT FOR EMPLOYER. Jolloff shall not have the right to enter into any contracts or commitments for or on behalf of Company without first obtaining the express written consent of the Company.

10. TERM/TERMINATION. Jolloff's employment under this Agreement shall be for an unspecified term on an "at will" basis. This Agreement may be terminated by either party by written notice. If either party shall so terminate this Agreement, Jolloff shall be entitled to Commission Payments up to the termination date of such termination less any loans/draws the Company has made to Jolloff, unless Jolloff is in violation of this Agreement. If Jolloff is in violation of this Agreement, Company may terminate employment without notice and with compensation to Jolloff only to the date of such termination less any loans/draws made by Company to Jolloff except for Company's rights under the CONFIDENTIALITY paragraph herein. The compensation paid under this Agreement shall be Jolloff's exclusive remedy against Company, its officers, employees, owners, or affiliates.

11. TERMINATION FOR DISABILITY. Company shall have the option to terminate this Agreement, if Jolloff becomes permanently disabled and is no longer able to perform the essential functions of the position with reasonable accommodation. Company shall exercise this option by giving Jolloff written notice.

12. COMPLIANCE WITH EMPLOYER'S RULES. Jolloff agrees to comply with all the rules and regulations of Company.

13. RETURN OF PROPERTY. Upon termination of this Agreement, Jolloff shall promptly deliver to Company all property which is Company's property or related to Company's business (including but not limited to keys, records, notes, data, memoranda, models, and equipment) that is in Jolloff's possession or under Jolloff's control.

14. NON-SOLICITATION. During the continuance of this Agreement or for an additional period of one year from the date of Termination, the Jolloff will not divert or attempt to divert from the Employer any business the Employer had enjoyed, solicited, or attempted to solicit, from its customers, prior to termination or expiration, as the case may be, of the Employment. Jolloff agrees not to hire or solicit any of Company's employees or contractors for a period of one (1) year from the end of Jolloff's employment as a commission based general manager.

Jolloff: x_____

<small>Jolloff's signature specifically accepting Paragraph 14, Non-Solicitation</small>

15. NOTICES. All notices required or permitted under this Agreement shall be in writing and shall be deemed delivered when delivered in person or on the third day after being deposited in the US mail, postage paid, addressed as follows:
    Employer: Regional Enterprises, LLC, PO Box 5989, Brandon, MS 39047

    Employee:_____

Such address may be changed from time to time by either party by providing written notice in the manner set forth above.

16. ENTIRE AGREEEMENT. This Agreement contains the entire agreement of the parties and there are no other promises or condition in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties.
17. AMENDMENT. This Agreement may be modified or amended only in writing.
18. SEVERABILITY. If any provision(s) of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provision(s) shall continue to be valid and enforceable.
19. WAIVER OF CONTRACTUAL RIGHT. The failure of either party to enforce any provision(s) of this Agreement shall NOT be constructed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.
20. APPLICABLE LAW. This Agreement shall be governed by the laws of the State of Mississippi.
21. SIGNATORIES. This Agreement shall be signed by Neil Godfrey on behalf of Regional Enterprises, LLC in his capacity as COO and by Tim Jolloff in an individual capacity. This Agreement is effective as of the date first above written.

[SIGNATURES ON FOLLOWING PAGE]

## COMMISSION AGREEMENT SIGNATURE PAGE

EMPLOYER:
Regional Enterprises, LLC
a Mississippi limited liability company

Date:_____

_____
By its COO: Neil Godfrey

Agreed to and Accepted
Employee: Tim Jolloff

Date:_____

_____

## Exhibit A

### Commission Payments Schedule:

1. For the first 90 days, Commission shall equal the greater of:
    a. $30,000 per month, OR
    b. The Net Profit commission outlined in #2 below
2. After the first 90 days, the Net Profit Commission shall equal at the sole discretion of Company either:
    a. 17.5% of the Net Commissionable Profit, as the company presents for all other general managers of the Company, of the Fort Myers, FL location + 17.5% of the Net Commissionable Profit of the Punta Gorda, FL location, OR
    b. 35% of the Net Commissionable Profit, as the company presents for all other general managers of the Company, of the Fort Myers, FL location

For the purposes of this Agreement Company will start with Payment Schedule Section 2.a following Payment Schedule Section 1. At Company's sole discretion, Company may notify Jolloff that it is changing Jolloff's Commission Payment Schedule to 2.b.

**Details of Net Commissionable Profit may be accessed through the Company's computer system.